## STOUGH TANK ERECTING CO. et al. v. VAN BRUNT et al.

No. 24062. Opinion Filed April 18, 1933.

Owen & Looney and Paul N. Lindsey, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and John T. Cooper, for respondents.

OSBORN, J. This is an original proceeding in this court to review an award of the State Industrial Commission entered in favor of Loy Van Brunt against the Stough Tank Erecting Company.

The record shows that on the 9th day of September, 1927, claimant, while in the employ of petitioner, was struck in the eye by a piece of steel. He was removed to the hospital, and the eye was treated for about a week, after which it was removed.

An award was made by the Commission and a full settlement had on November 28, 1927, based on the total loss of the right eye.

On October 13, 1931, claimant filed a motion to reopen the case on the ground of a change of condition, in which he alleged, in effect, that the loss of the right eye has set up a sympathetic irritation or inflammation in the left eye, and that his vision in his left eye is now impaired.

After a hearing the Commission made a finding to the effect that claimant now has a 10 per cent. loss of vision in his left eye, which is due to sympathetic opthalmia, and awarded him, in addition to the previous award, compensation for 175 weeks at the rate of $15.39 per week.

A number of medical witnesses and eye specialists testified at the various hearings. They agreed as to the loss of some vision in the left eye, the percentage, however, varying from 4.3 per cent. to 60 per cent. There is some conflict in the testimony as to the cause of said loss of vision. However, there is sufficient competent evidence to sustain the finding of the Commission. None of the experts were able to find any pathology which would account for the loss of vision, and there is some testimony to the effect that in such cases the loss of vision is attributable to the sympathetic irritation or inflammation from the other injured eye. In cases of this nature, such a conclusion is not unwarranted even though the injured eye was removed, and considerable time has elapsed from the previous injury. Some of the medical witnesses testified that, under such circumstances, it was assumed that the irritation was started immediately after the right eye was injured, and grew worse from time to time, and would possibly continue to grow worse, and that the left eye would become more and more impaired as time elapsed.

The testimony is sufficient to support the finding of fact by the Commission, and the award is sustained.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.